### NICK JOHNSON V. THE STATE.

No. 9547.  Delivered February 17, 1926.

Rehearing denied June 23, 1926.

**1.—Possessing Equipment, Etc.—Requested Charge—Properly Refused.**

Where, on a trial for possessing equipment for the manufacture of intoxicating liquor, the court correctly charged on the law of principals, and the converse thereof, there was no error in refusing the special charges requested by appellant presenting the same issues. No error appearing which warrants a reversal, the judgment is affirmed.

#### ON REHEARING.

**2.—Same—Charge of Court—On Law of Principals—Held Correct.**

On rehearing appellant urges that the court's charge on the law of principals laid a double burden upon appellant. A careful examination of the charge fails to sustain his contention. From the entire record, we are of the opinion that the facts fully support the conviction, and that the issues of law were submitted fairly, and the motion for rehearing will be overruled.

Appeal from the District Court of Hopkins County. Tried below before Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty two years in the penitentiary.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

According to the State's evidence, officers went at night time to the premises of Warren Lewis. A light was observed in the smoke-house and looking in, they beheld the appellant and

Wilkes engaged in connecting a still. Lewis was seen upon the premises though he was not in the smoke-house. The various articles composing the still were detailed by the testimony of the witnesses mentioned. These included barrels of mash and other equipment suitable for the manufacture of intoxicating liquor in a situation rendering them capable of being used for that purpose.

According to the appellant who was a negro, he lived near the place of Lewis, also a negro, and had worked for Wilkes. After driving a team in the afternoon of the day of his arrest, appellant stopped at the home of Wilkes and put up and fed his team, where he was in the habit of keeping it. From there he went to the home of Lewis, with whom he had a business engagement. Lewis was not in his house though Wilkes was, and upon hearing a noise in the smoke-house, appellant went in that direction. He was followed by Wilkes. Upon reaching the smoke-house, appellant observed a furnace and was amazed at the sight of the still, which was the first one that he had ever beheld. Appellant and Wilkes were engaged in looking at the still when the officers arrived. Appellant disclaimed any interest in the still or any connection with it further than that detailed.

The State introduced testimony in rebuttal tending circumstantially to controvert the appellant's testimony touching his movements after reaching the Lewis home. He introduced testimony to corroborate his statement touching his movements before he arrived at the home of Lewis.

The testimony of the State's witnesses is such as would authorize the jury to conclude that the appellant and Wilkes were in possession of a still and apparatus suitable for making whiskey which was situated in Lewis' smoke-house and, immediately before their arrest, were in the act of putting it in a condition for operation for the purpose named. From the appellant's testimony, his presence was accidental and casual.

The court, in its charge, instructed the jury upon the law of principals in a manner which, so far as we are able to judge, correctly and accurately presented the law applicable to the facts. It also instructed in substance that if the jury believed, beyond a reasonable doubt, that Wilkes was in possession of the still and other equipment for the manufacture of intoxicating liquor and the appellant was present and knowing of the intent of Wilkes touching his possession of the still, material and equipment, and by his acts aided Wilkes, a verdict of guilty

would be authorized. The converse of the state's theory was also presented in what we conceive to be an unexceptional manner. The jury were told therein that if the appellant went to the place of Lewis without knowledge of the presence of the unlawful equipment or without knowledge of any unlawful intent of Wilkes and did not aid him in the unlawful enterprise, there should be an acquittal; or if upon these matters the jury entertained a reasonable doubt, there should be no conviction. The definition of the term "possession" as contained in the charge of the court, is not materially different from the language suggested by the appellant in his Special Charge No. 2.

The testimony of the officers was direct touching the appellant's connection with the still, and in our judgment, no charge on circumstantial evidence was required.

The refusal of Special Charges Nos. 4, 5, 6, and 7 is not deemed ground for a reversal as they are in substance but a repetition of the matters contained in the main charge of the court submitting the law of principals and the converse thereof.

Failing to find any error which warrants a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have given careful consideration to the able motion filed by appellant in this case, but are unable to agree with any of the contentions made. The principal complaint seems to be that in submitting the law of principals, the learned trial judge laid a double burden upon the accused in paragragh seven of the charge wherein the jury are told that if they believed that appellant went to the place where the still, mash, equipment, etc., were found, without any knowledge that said material was at said place; or if they believed from the evidence that appellant did not know the intent of one John Wilkes (alleged to be a co-principal) in the possession of said still, mash, equipment, etc., and that he did not aid by acts the said Wilkes, or if the jury had a reasonable doubt on either of these issues, they would acquit the defendant.

We have carefully examined the entire record and are of

opinion that the facts fully justified the conclusion of the jury, and that the issues of law were submitted fairly.

The motion for rehearing will be overruled.

*Overruled.*